IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

November 2, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

FRIZZELL CONSTRUCTION COMPANY,    )    SEVIER CHANCERY
INC.,                             )    C.A. NO. 03A01-9805-CH-00161
                                  )
       Plaintiff-Appellant        )
                                  )
                                  )
                                  )
                                  )
                                  )
vs.                               )    HON. TELFORD E. FOGERTY, JR.
                                  )    CHANCELLOR
                                  )
                                  )
                                  )
                                  )
                                  )
GATLINBURG, L.L.C.                )    AFFIRMED AND REMANDED
                                  )
       Defendant-Appellee         )


C. PAUL HARRISON, Long, Ragsdale & Waters, P.C., Knoxville, for Appellant.


BERNARD E. BERNSTEIN & CELESTE H. HERBERT, Bernstein, Stair & McAdams, L.L.P., Knoxville, for Appellee.


O P I N I O N


McMurray, J.


The facts of this case, as material to this appeal, are relatively simple. The parties entered into a contract for the construction of a hotel in Gatlinburg, Tennessee. The contract was a standard

Associated General Contractors Construction Manager contract styled "Standard Form of Agreement Between Owner and Construction Manager." The agreement contains two provisions that are germane to the issues under consideration here.

## ARTICLE 14

### Assignment and Governing Law

14.1 ...

14.2 This Agreement shall be governed by the law of the place where the project is located.

## ARTICLE 16

### Arbitration

16.1 All claims, disputes and other matters in questions arising out of, or relating to, this Agreement or the breach thereof, except with respect to the Architect/Engineer's decision on matters relating to artistic effect, and except for claims which have been waived by the making or acceptance of final payment shall be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining unless the parties mutually agree otherwise. This agreement to arbitrate shall be specifically enforceable under the prevailing arbitration law.

We will first note that the "place where the project is located" is Gatlinburg, Tennessee, therefore paragraph 14.2, Article 14, if effective, makes Tennessee law the governing law concerning the contract. If this provision is ineffective, then, in any event, Tennessee law governs since the contract was entered into here and the project is located here.

A dispute, relating to the contract, arose between the parties. The dispute gave rise to a complaint in the Chancery Court for Sevier County by Frizzell for the purpose of enforcing a mechanic's lien and for breach of contract. Frizzell, the appellant here, specifically charged in its

2

complaint, (styled "Complaint to Enforce Mechanic's Lien and for Breach of Contract") that the defendant, Gatlinburg, L.L.C., appellee here, "breached the construction management contract by failing to pay the amount owed under the construction contract." A judgment for damages over and above the amount claimed to be subject to the mechanic's lien was also sought. Gatlinburg, L.L.C., filed its answer, a counterclaim and a third party action. Thereafter, Frizzell submitted a demand for arbitration.[1] In its answer Gatlinburg denied that it owed Frizzell as alleged in the complaint but on the other hand, in its counterclaim, sought damages from Frizzell. Frizzell filed a motion to stay the court proceedings pending arbitration based on the contract provision. Gatlinburg opposed the motion and amended the counterclaim to allege that Frizzell fraudulently induced Gatlinburg to enter into the contract. It is this claim that constitutes the basis of this appeal.

The court heard the motion to stay. The court noted in its order that the "issue presented to the court is whether the arbitration proceeding should go forward or whether this court should take jurisdiction of all or some issues as between Frizzell and Gatlinburg." The court chose to retain jurisdiction to consider the legal issue of fraud in the inducement of the contract entered into by the parties in the primary case and ordered the parties not to submit this issue to the arbitrators. The court further determined that the arbitrators in the primary case should resolve the construction disputes between those parties and render a decision to the court.

---

[1]Though not raised as an issue in this case, it is not beyond the realm of reason to find that this action constitutes a waiver of arbitration. <u>See</u> e.g., <u>Worldsource Coil Coating, Inc., et al v. McGraw Construction Company, Inc.</u>, 946 F.2d 473 (6th Circuit 1991).

This appeal resulted from this judgment of the trial court.[2]  The appellant presents the following issues for our consideration:

> I.    Whether the trial court erred in failing to find that the contract between Frizzell and Gatlinburg involved interstate commerce as defined under the Federal Arbitration Act?
>
> II.   Whether the trial court erred in holding that even if the contract between Frizzell and Gatlinburg involved interstate commerce that the Federal Arbitration Act did not apply.

The issue of whether the arbitration provisions of a contract require that a claim for fraud in the inducement of the contract be submitted to arbitration has been addressed and resolved in this jurisdiction. See City of Blaine v. John Coleman Hayes & Assoc., 818 S.W.2d 33 (Tenn. App. 1991), infra.  The court resolved the issue against requiring the issue to be arbitrated.  We, therefore, agree with the result reached by the trial court.

The Uniform Arbitration Act was passed by our Legislature in 1983 and is now codified as T.C.A. § 29-5-301 - § 29-5-320.  The provisions of the act pertinent to the controversy before us are T.C.A. § 29-5-302 which provides in pertinent part as follows:

> **29-5-302. Agreements to submit to arbitration - Jurisdiction. -** (a) A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable save upon such grounds as exist at law or in equity for the revocation of any contract; ...

---

[2] It appears that the judgment of the trial court may not be final since other issues have been reserved by the trial court for later disposition. However, we, in our discretion and in accordance with Rule 2, Tennessee Rules of Appellate Procedure, will entertain the appeal for the purpose of expediting a decision on the issues before us.

4

City of Blaine v. John Coleman Hayes & Assoc., 818 S.W.2d 33 (Tenn. App. 1991), is a veritable treatise on the subject of whether "fraud in the inducement" is subject to arbitration. In Blain, Judge Crawford compared and contrasted the various resolutions of the issue in other jurisdictions including the position advanced by the United States Supreme Court.

In Blain, Judge Crawford speaking for this court noted:

> In 1983, when the Tennessee legislature passed the Uniform Arbitration Act, they had full knowledge of the long established right of a person to seek rescission of a contract procured by fraud. With this knowledge, we find it logical for the legislature to intend to except actions for rescission from a decision by arbitrators and giving the language of the statute its usual and ordinary meaning, the legislature did just that. This legislative intent is exemplified by Justice Black in the Prima [Prima Paint Corp. v. Flood and Conklin Mfg. Co., 388 U.S. 395, 87 S.Ct. 1801, 18 L.Ed.2d 1270 (1967)] dissent. "Fraud, of course, is one of the most common grounds for revoking a contract. If the contract was procured by fraud, then, unless the defrauded party elects to affirm it, there is absolutely no contract, nothing to be arbitrated." 87 S.Ct. at 1810. It would be difficult to improve on this language.

Blaine, at page 38.

It is well-settled in Tennessee contract law that fraud in the inducement renders contracts voidable at the instance of the party upon whom fraud was perpetrated. It is clear that an individual induced by fraud to enter into a contract may elect between two remedies. He may treat the contract as voidable and sue for the equitable remedy of rescission or he may treat the contract as existing and sue for damages at law. Vance v. Schulder, 547 S.W.2d 927, 931 (Tenn. 1977); Derryberry v. Hill, 745 S.W.2d 287, 291 (Tenn. App. 1987); Graham v. First Am. Nat'l Bank, 594 S.W.2d 723, 726 (Tenn. App. 1979). Thus, when a party to a contract seeks rescission in a court of competent jurisdiction and alleges facts, which if proved to the requisite degree, would justify rescission of a contract, the very existence of the contract is in limbo until the issue is resolved. To require

5

arbitration pursuant to the terms of a contract concerning the validity or very existence of the contract is to presuppose the validity and existence of the contract at least for some purposes. We do not understand this to be the law in Tennessee. It has been held that fraud vitiates every contract <u>ab</u> <u>initio</u>. <u>Samuel v. King</u>, 158 Tenn. 546, 14 S.W.2d 963 (1929). Therefore, if there is no contract, there is no arbitration clause.

As to the issues as framed by the appellant, unless and until it is established that there is a contract in existence, a consideration of whether the contract is controlled by or subject to the Federal Arbitration Act is premature. Whether the contract should be rescinded and voided is a question that can be answered only after a trial on the merits. If it is rescinded, there is nothing to arbitrate. On the other hand, if the contract is found to be valid and binding, the disputes between the appellant and the appellee are subject to arbitration.

We affirm the judgment of the trial court in reserving the issue of fraud in the inducement as a question to be determined by the court. Costs of this appeal are assessed to the appellant and this cause is remanded to the trial court for such other and further action as may be necessary.

_____
Don T. McMurray, J.

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
William H. Inman, Senior Judge

IN THE COURT OF APPEALS
AT KNOXVILLE

FRIZZELL CONSTRUCTION COMPANY, )     SEVIER CHANCERY
INC.,                   ) C.A. NO. 03A01-9805-CH-00161
                        )
        Plaintiff-Appellant   )
                        )
                        )
                        )
vs.                     )                     HON. TELFORD E. FOGERTY, JR.
                        )                     CHANCELLOR
                        )
                        )
                        )
GATLINBURG, L.L.C.          )                 AFFIRMED AND REMANDED
                        )
        Defendant-Appellee    )

## JUDGMENT

This appeal came on to be heard upon the record from the Chancery Court of Sevier County, briefs and argument of counsel. Upon consideration thereof, this Court is of opinion that there was no reversible error in the trial court.

We affirm the judgment of the trial court in reserving the issue of fraud in the inducement as a question to be determined by the court. Costs of this appeal are assessed to the appellant and this cause is remanded to the trial court for such other and further action as may be necessary.

PER CURIAM